# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SUSAN CLOSSON and CHARLES R.
CLOSSON,

      Plaintiffs

v.

BANK OF NEW YORK MELLON, et al.,

      Defendants

Case No.: 2:20-cv-02229-APG-DJA

**Order**

[ECF Nos. 7, 18, 24, 28, 35]

Plaintiffs Susan and Charles Closson brought this suit for declaratory relief and to quiet title to property located at 5450 Manteca Circle located in Las Vegas, Nevada.  Defendant Bank of New York Mellon (BONY) is the beneficiary under a deed of trust encumbering the property.[1] The parties dispute whether the deed of trust has been extinguished by Nevada Revised Statutes § 106.240, which "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001), *opinion reinstated on reh'g* (Jan. 31, 2001).

Section 106.240 provides:

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

---

[1] The plaintiffs also sued Mortgage Electronic Registration Systems, Inc. (MERS), who was the prior beneficiary under the deed of trust. ECF No. 1.  MERS filed a disclaimer of interest. ECF No. 15.

1    In their original complaint, the plaintiffs alleged that the deed of trust was no longer

2 enforceable under § 106.240 because more than 10 years had passed since the debt was

3 accelerated, and thus became wholly due, through a recorded notice of default. ECF No. 1.

4 BONY moved to dismiss, arguing that the notice of default had been rescinded so the

5 acceleration was decelerated and the ten-year clock under § 106.240 was no longer ticking. ECF

6 No. 7.  BONY also requested the court cancel the recorded notice of lis pendens related to this

7 suit.

8    The plaintiffs responded that they intended to file an amended complaint, which they did.

9 ECF Nos. 14, 17.  The amended complaint added facts that the plaintiffs received calls and

10 correspondence from the loan servicer informing them that the loan was accelerated and the

11 entire balance was due.  The amended complaint also added allegations about various notices of

12 sale that confirm the debt was accelerated.  And they allege that the party recording the

13 rescission of the notice of default, ReconTrust Company, was not the trustee under the deed of

14 trust nor an agent of the trustee at that time, and thus had no authority to rescind the notice of

15 default.  The amended complaint also added a negligent misrepresentation claim.

16    BONY and MERS moved to dismiss the amended complaint on the same grounds as the

17 original complaint. ECF No. 18.  They also argued that the misrepresentation claim was time-

18 barred, was not pleaded with particularity, and fails on the merits.  They further contended that

19 ReconTrust had the authority to rescind the notice of default.  Finally, MERS argued that it

20 assigned its interest in the deed of trust to BONY in 2011 and claims no interest in the property,

21 so it should be dismissed.

22    The plaintiffs opposed the second motion to dismiss, arguing generally that the notice of

23 default accelerated the debt and a later rescission did not effectively decelerate the debt. ECF No.

21.  They also contended that the lender's communications prior to the notice of default also accelerated the debt and the rescission did not refer to those communications.  The plaintiffs contended they adequately pleaded their negligent misrepresentation claim by identifying seven statutorily defective notices of trustee sales.  They did not respond to the defendants' argument about the timeliness of this claim or that ReconTrust had authority to record the rescission.  Nor did they respond to MERS's argument that it should be dismissed because it does not claim an interest in the property.

In reply, the defendants argued that an unrecorded letter cannot trigger the ten-year period in § 106.240. ECF No. 23.  The plaintiffs moved for leave to file a sur-reply, contending that the defendants raised for the first time in their reply brief the issue of whether an unrecorded letter could trigger the ten-year clock. ECF No. 24.  The plaintiffs argued that the letters do so in this case because they were issued pursuant to the deed of trust.  The defendants opposed the motion for leave to file a sur-reply, arguing that their reply was a fair response to the points raised in the plaintiffs' opposition.  They also argued that the case on which they relied in their reply brief was newly issued and did not exist at the time they filed the motion to dismiss.

The plaintiffs thereafter moved to amend. ECF No. 28.  They sought to narrow their suit to a single claim for quiet title and to base their claim on allegations that prior to the notice of default being recorded, they received correspondence from the lender accelerating the debt.  The defendants opposed amendment as futile, again arguing that an unrecorded letter does not accelerate a debt for purposes of § 106.240.  The defendants also argued that even if it did, the rescission decelerated the debt.  The plaintiffs responded that the amendment is not futile because the rescission referred to the notice of default, not prior communications that also accelerated the debt.  Additionally, they contended that relevant case law states that a rescission

1  puts the parties back in the position they were before the notice of default was recorded, which,

2  in this case, would mean that the debt was accelerated through the lender correspondence.

3       Magistrate Judge Albregts recommended that I deny the motion to amend as futile. ECF

4  No. 35.  Judge Albregts concluded that unrecorded documents like a letter from a lender do not

5  trigger acceleration under § 106.240.  Alternatively, he reasoned that even if an unrecorded

6  document could start the ten-year clock ticking, the rescission stopped the clock.

7       The plaintiffs objected to Judge Albregts' recommendation.[2] ECF No. 36.  They argued

8  that because the lender's written communication was done pursuant to the deed of trust, it is the

9  type of document that will trigger acceleration under § 106.240.  They also argued that the

10  rescission of the notice of default restored the parties to the status quo before the notice of

11  default was filed, which the plaintiffs contend is the lender's communications accelerating the

12  debt.

13       I grant the defendants' motions to dismiss and grant the plaintiffs' motion for leave to file

14  a sur-reply.  I overrule the plaintiffs' objections to Magistrate Judge Albregts' recommendation

15  and accept his recommendation to deny the plaintiffs' motion to amend because the proposed

16  amendment would be futile.  By the plaintiffs' own allegations, a rescission of the notice of

17  default was recorded.  The rescission decelerated the same debt that was the subject of both the

18  lender communications and the recorded notice of default.  Consequently, the debt was no longer

19  "wholly due" under § 106.240, so the ten-year period to extinguish the lien has not run. *Glass v.*

20  *Select Portfolio Servicing, Inc.*, No. 78325, 466 P.3d 939, 2020 WL 3604042, at *1 (Nev. July 1,

21  2020); *see also Bank of Am., NA v. SFR Invs. Pool 1, LLC*, 849 F. App'x 211, 212-13 (9th Cir.

22

23  [2] The plaintiffs take issue with Judge Albregts' reference to § 106.240 as an "ancient lien statute."  Judge Albregts was not calling § 106.240 "ancient."  Rather, he was referring to § 106.240 as a statute that deals with "ancient liens."

2021); *Bank of Am., N.A. v. Estrella II Homeowners Ass'n*, No. 2:16-cv-02835-APG-DJA, 2020 WL 4194004, at *3 (D. Nev. July 21, 2020).  To the extent the plaintiffs contend there is something materially different about the rescission language in this case that makes it distinguishable from other cases, the rescission language is approximately the same as that which has been found to decelerate the debt. *Compare* ECF No. 1 at 8, *with Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, No. 2:15-cv-00133-APG-BNW, 2020 WL 3971913, at *2-3 (D. Nev. July 14, 2020); *Bank of N.Y. Mellon v. Seven Hills Master Cmty. Ass'n*, No. 2:16-cv-01128-APG-NJK, 2020 WL 620273, at *3 (D. Nev. Feb. 10, 2020).  The rescission language in this case is also materially indistinguishable from that in *Glass*. *See* Jt. Appx. Vol. III at 340, *Glass v. Select Portfolio Servicing, Inc.*, Nev. Sup. Ct. No. 78325 (Doc. No. 19-31302 filed July 24, 2019).

Additionally, although the plaintiffs allege that ReconTrust lacked authority to record the rescission of the notice of default, ReconTrust was the trustee of record at the time the rescission was recorded. ECF Nos. 1 at 51; 17 at 117; 18-1.  The plaintiffs dropped this allegation from the proposed second amended complaint. *See* ECF No. 28-1.

The plaintiffs did not respond to the defendants' motion to dismiss the negligent misrepresentation claim, so that portion of the proposed second motion to dismiss is granted as unopposed. LR 7-2(d).  Additionally, the plaintiffs apparently want to abandon the claim because they dropped it from the proposed second amended complaint.

Likewise, the plaintiffs did not respond to the defendants' motion to dismiss with respect to MERS.  I therefore grant that portion of the motion to dismiss as unopposed. LR 7-2(d).  Moreover, the plaintiffs do not explain why MERS should remain a party to this case where it has not had an interest in the property for years and has filed a disclaimer of interest in this case.

Because the plaintiffs' suit is based on their contention that § 106.240 extinguished the deed of trust and they have not identified a factual basis under which they could amend to plausibly state a claim despite multiple attempts, I dismiss the complaint with prejudice.  As a result, I grant BONY's request to extinguish the notice of lis pendens because the plaintiffs have not shown they are likely to prevail or have even a fair chance of success on the merits. *See* Nev. Rev. Stat. § 14.015(3).

I THEREFORE ORDER that Magistrate Judge Albregts' report and recommendation **(ECF No. 35) is ACCEPTED** and the plaintiffs' motion for leave to amend **(ECF No. 28) is DENIED**.

I FURTHER ORDER that the plaintiffs' motion for leave to file a sur-reply **(ECF No. 24) is GRANTED.**

I FURTHER ORDER that the defendants' motions to dismiss **(ECF Nos. 7, 18) are GRANTED**.  The clerk of court is instructed to enter judgment in favor of defendants Bank of New York Mellon and Mortgage Electronic Registration Systems, Inc. and against the plaintiffs and to close this case.

I FURTHER ORDER that defendant Bank of New York Mellon's request to expunge lis pendens is GRANTED.  Plaintiffs Charles Closson and Susan Closson are ordered to record a copy of this order with the Clark County Recorder by September 17, 2021.  This order has the same effect as an expungement of the original notice.

DATED this 20th day of August, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE